UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GORDON THOMAS,

      **Plaintiff,**

v.                                      Case No. 8:25-cv-1932-TPB-AAS

**AMENTUM TECHNOLOGY, INC.**
**d/b/a JACOBS TECHNOLOGY INC.,**
**et al.,**

      **Defendants.**
_____/

## ORDER

Defendants Amentum Technology, Inc. d/b/a Jacobs Technology Inc. (Jacobs) and Peraton Inc. (Peraton) (collectively, the defendants) move to stay discovery pending a ruling on their motion to dismiss. (Doc. 28). The motion is unopposed.

A district court has broad discretion in regulating discovery. *See Moore v. Potter*, 141 Fed. App'x. 803, 808 (11th Cir. 2005) (holding the district court did not abuse its "broad discretion" when entering stay to resolve motion to dismiss). The Eleventh Circuit instructs that facial challenges to the legal sufficiency of a claim or defense should be resolved before discovery begins. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997).

1

The "party seeking the stay must prove good cause and reasonableness." *Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, No. 7:08-CV-32-HL, 2008 WL 4544470, at *1 (M.D. Ga. Oct. 10, 2008) (citing *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)) (internal quotation marks omitted). In reviewing such facial challenges, a court must take a "preliminary peek at the merits of the dispositive motion to assess the likelihood that such motion will be granted." *Id.* To determine whether a stay is appropriate, a court must "balance the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Id.*

The gravamen of the defendants' motion to dismiss is that Mr. Thomas's complaint is an impermissible shotgun pleading and fails to plead sufficient facts to state a claim upon which relief may be granted. (*See* Doc. 22). Without remarking on the merits of the defendants' motion, the court finds good cause for a temporary stay of discovery. *See David v. United States*, No. 8:19-CV-2591-T-36JSS, 2020 WL 1862606 at *2 (M.D. Fla. Apr. 14, 2020) (staying discovery because the motion to dismiss raised "potentially meritorious" challenges, which outweighed any potential harm to the plaintiff). The defendants' motion to dismiss presents a nonfrivolous challenge to Mr. Thomas's claims. Mr. Thomas is unlikely to suffer harm because he is

unopposed to the stay. Although such a stay will delay discovery, the resulting harm is minimal when compared to the benefits of saved time, money, and resources in the event the court determines Mr. Thomas's complaint is subject to dismissal.

Accordingly, the defendants' motion to stay discovery (Doc. 28) is **GRANTED**. Discovery is **STAYED** pending the court's ruling on the defendants' motion to dismiss (Doc. 22).

**ORDERED** in Tampa, Florida, on October 23, 2025.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge